IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MISSONG MANAGMENT, LLC,** *Plaintiff,* | : : : : : | **CIVIL ACTION** |
| v. | : : | No.   22-3223 |
| **CARMEL OF JESUS, MARY AND JOSEPH IN ELYSBURG, PA, INC.,** *Defendant.* | : : : : | |

# MEMORANDUM

**KENNEY, J.**                                                                       **October 28, 2022**

Before the Court is a Motion to Dismiss for Improper Venue or to Transfer Venue from the Eastern District of Pennsylvania. Based on the findings below, the Court will transfer venue to the Middle District of Pennsylvania. [1]

**I.      BACKGROUND**

On August 12, 2022, Missong Management, LLC (hereinafter "Missong") filed its Complaint in the Eastern District of Pennsylvania against Defendant Carmel of Jesus, Mary and Joseph in Elysburg, PA, Inc (hereinafter "Defendant"), alleging breach of contract claims based

---

[1] Because the Court finds that it is proper to transfer venue to the Middle District of Pennsylvania, the Court does not address dismissal. Defendant contends in its Motion that venue is not proper in the Eastern District because Plaintiff failed to show a substantial part of the events or omissions giving rise to the claim occurred in this District. ECF No. 15-1 at 5-9. However, the Court must take the assertions in the Complaint as true and the Complaint alleges sufficient facts to show venue is proper in this District. To name just a few, Defendant consented to use a Settlement Agent in the Eastern District to complete the transaction at its location in this District. Defendant also mailed its closing documents to the Eastern District in advance of closing. Defendant also hired and used for this transaction a real estate agent conducting business in the Eastern District. Both parties agree that the case could have been brought in the Middle District.

on its purported Sale Agreement of real property located at 430 Monastery Road Elysburg, Northumberland County, PA 17824 (the "Monastery Property"). ECF No. 1. Missong alleges, *inter alia*, that it entered into a Sale Agreement as a purchaser of the Monastery Property with Defendant as the seller and the terms stated Defendant must sell the Monastery Property for $900,000 with the Settlement of the transaction to occur by Monday, August 8, 2022. *Id*. ¶¶ 1, 3. Plaintiff's Complaint arises out of Defendant's alleged refusal to abide by the terms of the Sale Agreement and complete the Settlement. *Id*. ¶ 16. Plaintiff further asserts that venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) as "a substantial part of the events or omissions giving rise to the claim occurred" here. *Id.* ¶ 21.

On September 29, 2022, Plaintiff filed a Motion for Temporary Restraining Order and Motion for Preliminary Injunction (ECF No. 8), adding an amended document to its proposal the following day (ECF No. 9). On October 5, 2022, in accordance with the parties' joint agreement, the Court ordered a Temporary Restraining Order preserving the Monastery Property as requested by Plaintiff. ECF No. 13. The Motion for Preliminary Injunction remains unresolved.

Defendant immediately filed its Motion to Dismiss for lack of venue or, in the alternative, transfer venue to the Middle District of Pennsylvania. ECF No. 15. Defendant raised a number of factors regarding venue in this District, including the Monastery Property's location in Northumberland County, the lack of operations Defendant has in this District, and that the Sale Agreement between parties was signed by Defendant in Northumberland County. ECF No. 15-1. Defendant adds that all the witnesses and evidence are also located in Northumberland County, which is located in the Middle District of Pennsylvania. *Id*.

On October 12, 2022, Plaintiff filed its Response in opposition. ECF No. 19. Plaintiff allows that venue is proper in both the Eastern District and Middle District of Pennsylvania. *Id*.

at 5. Yet Plaintiff asserts that the events giving rise to its breach of contract claim occurred exclusively in this District and the location of the Monastery Property itself is not the controlling factor. *Id*. Plaintiff emphasizes that the Sale Agreement was sent from Defendant in the Middle District to First Platinum Abstract, LLC ("First Platinum") in this District, where two nuns intercepted the package on the day of settlement to prevent the sale of the property. *Id*. at 6-7. The location where the breach occurred, according to Plaintiff, is the location that matters most for venue.

II.   **STANDARD OF REVIEW**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404(a). "An action may be transferred to another district if (1) venue is proper in the transferee district, and (2) the transferee district can exercise personal jurisdiction over the defendants." *SKF USA Inc. v. Okkerse*, 992 F.Supp.2d 432 (E.D. Pa. 2014) (citation omitted). "The burden rests with the moving party to prove that transfer is appropriate." *Dariz v. Republic Airline Inc*, 377 F. Supp. 3d 499, 502 (E.D. Pa. 2019).

"[A] court must examine factors set out in the statute as well as other factors that involve public or private interests. The statutory factors are: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the interest of justice; and (4) whether the case could have been brought in the proposed transferee forum." *Am. Littoral Soc. v. U.S. E.P.A.*, 943 F. Supp. 548, 550 (E.D. Pa. 1996). However, "courts have not limited their consideration" to the statutory factors. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Courts should consider the broader categories of private and public interests, which include those statutory factors. *Id*.

Private interests include plaintiff's forum preference, the defendant's preference, whether the claims arose elsewhere, the convenience of the parties when considering their relative physical and financial positions, and the location of books and records. *Id*. Public interests include the enforceability of the judgment, administration of an expeditious or inexpensive trial, court congestion, the local interest in deciding the dispute, and the familiarity of the trial judge with the applicable state law in diversity cases. *Id*. at 879-80. [2]

The Court has broad discretion in deciding a motion to transfer venue because the evaluation occurs on a case-by-case basis. *See Dariz*, 377 F. Supp. 3d at 502 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). "A transfer, however, should not be granted liberally." *Dariz*, 377 F. Supp. 3d at 502 (citation omitted).

### III. DISCUSSION

In accordance with 28 U.S.C. § 1391, prior to discussion of the private and public interest factors, the Court finds that the proposed venue of the Middle District of Pennsylvania is a proper forum for this dispute. This action could have been brought in the Middle District of Pennsylvania because, *inter alia*, the Monastery Property at the center of this transaction is located within that district. Plaintiff and Defendant agree that this action could have been brought in the Middle District of Pennsylvania. As detailed below, the Court also finds that the public and private interest factors weigh in favor of transfer of this action to that district.

  A. <u>Private Interests</u>

  1. *Plaintiff's Choice of Forum*

"Unless the moving party can demonstrate that the relevant factors weigh strongly in its favor, the plaintiff's choice of forum will likely prevail." *Dariz*, 377 F. Supp. 3d at 502–03.

---

[2] "[P]ublic interests to be balanced are not necessarily tied to the parties, but instead derive from 'the interest of justice.'" *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017) (quoting 28 U.S.C. § 1404(a)).

However, "when a plaintiff chooses a forum other than its home forum, that choice receives less deference." *Am. Littoral Soc.*, 943 F. Supp. at 551 ("that choice is not controlling or absolute"); *Aamco Transmission Inc. v. Johnson*, 641 F. Supp. 2d 464, 466 (E.D. Pa. 2009) ("[C]ourts have given great deference to the plaintiff's choice of forum […] Notably, however, when a plaintiff has not brought suit in his home forum and the cause of action did not occur in the forum, the choice is given less weight.").

Plaintiff Missong resides in Wyoming, not in the Eastern District of Pennsylvania. Plaintiff does not appear to operate a business in this District either. Therefore, the Court gives Plaintiff's choice of forum considerably less deference. While the Court still grants some weight to Plaintiff's chosen venue, "the deference given to a plaintiff's choice of forum is reduced when the operative facts that give rise to the action occur in another district." *Cameli v. WNEP-16 The News Station*, 134 F. Supp. 2d 403, 405, 407 (E.D. Pa. 2001) (citation omitted).

### 2. *Defendant's Preference*

The Court may consider Defendant's preference of forum but it is given "considerably less weight than Plaintiff's" preference. *EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005). "[T]he defendant's preference—in reality does little more than frame the issue, because there would be no motion to transfer *unless* the defendant prefers a different forum. The essential question is whether a combination of other factors are sufficient to overcome the presumption that the plaintiff's preference governs." *Edwards v. Equifax Info. Servs., LLC*, 313 F. Supp. 3d 618, 622 (E.D. Pa. 2018) (emphasis in original).

Here, the Court finds a combination of other factors outweigh Plaintiff's forum preference. Defendant asserts that two significant factors establish that the Eastern District is an

inconvenient forum for resolution of this dispute – namely that the Monastery Property and Defendant's principal place of business both reside in the Middle District of Pennsylvania and that almost all the negotiation and execution of documents related to this transaction occurred between that district and Missong's location outside the state.

        3. *Where the Claims Arise*

Defendant asserts that, but for one event related to this contract, the entirety of the transaction occurred either in Northumberland County in the Middle District of Pennsylvania or outside of Pennsylvania. ECF No. 15-1 at 8. Defendant contends that this is apparent even from the Complaint. During the relevant period, Defendant's registered place of business was in Northumberland County and is currently in Adams County, both in the Middle District. ECF No. 1 ¶ 23. The Monastery Property that Missong contracted to purchase is in Northumberland County, again in the Middle District. *Id*. ¶ 1. All the negotiations, communications, and execution of documents related to the transaction occurred between the Seller in the Middle District of Pennsylvania and the Buyer who resides in Wyoming. *Id*. ¶ 22. Only settlement of the Monastery Property was scheduled to take place within this District but was allegedly prevented by individuals associated with Defendant. ECF No. 15-1 at 9. Defendant also claims that its decision not to proceed with the sale of the Monastery Property, which is the underlying basis for this dispute, occurred in the Middle District of Pennsylvania. ECF No. 15-1 at 12.

Plaintiff disagrees, contending that the location of the Monastery Property is not relevant because the breach of the Sale Agreement is the subject of this litigation and that breach happened in this District. ECF No. 19 at 7. Plaintiff adds that "the place of execution by either party is not relevant to the determination of proper venue in this matter as the existence of the

contract is not at issue." *Id*. at 9. First Platinum, where Plaintiff alleges the breach of the Sale Agreement took place, is in the Eastern District. *Id*.

In breach of contract actions, "the factors determining where the claim arose include where the contract was negotiated or executed, where the contract was to be performed, and where the alleged breach occurred." *Ferratex, Inc. v. U.S. Sewer & Drain, Inc.*, 121 F. Supp. 3d 432, 440 (D.N.J. 2015) (internal citations omitted).

Here, the Court finds that the instant claims against Defendant arose primarily in the Middle District of Pennsylvania. The seller negotiated the Sale Agreement, which encompasses most, if not all, of the obligations of the parties to perform, in the Middle District. Defendant also claims to have executed the Sale Agreement in the Middle District. The documents for settlement were mailed from the Middle District and Defendant decided not to carry out the sale from the Middle District. While settlement was scheduled to occur in the Eastern District, this is insignificant in terms of the litigation because all parties agree that the settlement package was intercepted and no settlement process took place.

    4. *Convenience of the Parties and Witnesses and Location of Books and Records*

The fourth and fifth private interest factors may be combined as Defendant, the relevant witnesses, and documents related to this action are located in the Middle District of Pennsylvania. None of the parties reside in this district. The individuals with knowledge of Defendant's decision not to settle the agreement are all in the Middle District of Pennsylvania. ECF No. 15-1 at 13. The only witnesses who may be called from this District, according to Defendant, are third-party individuals at First Platinum, the site where the documents were intercepted. *Id*.

Plaintiff asserts that its lack of operations in this District has "no bearing" on venue. ECF No. 19 at 8. The location where contract settlement was supposed to occur – First Platinum in Bucks County, which is in the Eastern District – is the "only activity of the Defendant that is relevant to this matter[,]" according to Plaintiff. *Id*. As to witnesses, Plaintiff points to Michael Treacy, Defendant's purported real estate agent, who maintains an office in the Eastern District. *Id*. Plaintiff also asserts that key non-party witnesses to the events at First Platinum, namely an employee of First Platinum and Defendant's real estate agent, are located in the Eastern District. *Id*. at 12. However, Mr. Treacy is affiliated with and an agent of Defendant, who prefers the convenience of the Middle District. Furthermore, Plaintiff cites to Defendant's filings, where they readily admit to intercepting the package of settlement documents at First Platinum. Plaintiff does not contend that any employee at First Platinum has knowledge of the Sale Agreement, including its terms or either party's obligations therein, and therefore has little to offer in a breach of contract action. Witnesses with knowledge of the Sale Agreement and any understanding related to the transaction are located either in the Middle District of Pennsylvania or out of state.

The Court agrees with Defendant that individuals with knowledge of the negotiations, agreement, and decision not to proceed with the sale are far more likely to be deposed and called upon to testify at trial than an employee at First Platinum whose only involvement in the dispute is witnessing nuns intercept a package. Therefore, the convenience of the parties and witnesses, as well as the location of books and records, favors transfer of venue to the Middle District of Pennsylvania.

    B. <u>Public Interests</u>

It is unnecessary for the Court to thoroughly evaluate each individual public interest factor as all are either neutral or similarly weigh in favor of transfer from the Eastern District to the Middle District. A judgment rendered in either district is enforceable. Regardless of the district, the case will be adjudicated under Pennsylvania law and, naturally, both districts are capable of applying that law. Moreover, it is early in the case and Defendant has promptly raised the issue of venue to facilitate an expeditious resolution of the dispute in the most appropriate forum.

As to court congestion, the Court does not find this factor compelling in either direction. Defendant cites statistics as of March 31, 2021 that over 8600 cases were pending in the Eastern District compared to less than 3000 cases pending in the Middle District, which favors transfer. ECF No. 15-1 at 14. The number of cases in a District do not then directly correspond to "congestion." There is no indication that the docket in either District is "congested."

The Middle District of Pennsylvania has a stronger local interest in the resolution of this dispute because the Monastery Property and the party allegedly failing to fulfill its obligation under the Sale Agreement reside within its district. *See e.g.*, *United Equity & Funding Corp. v. PDQ Properties Corp.*, 2001 WL 1175136, at *1 (E.D. Pa. July 25, 2001) (granting motion to transfer because "that forum has a strong interest in adjudicating an action relating to real estate located there."). The party harmed by the alleged breach is an out of state resident and the party allegedly harmed by specific performance is a resident of the Middle District. If Plaintiff were to be awarded specific performance of settlement, Missong becomes the owner of the Monastery Property in that district. The Eastern District has a tangential, at best, connection to this alleged breach of contract, and none to the Monastery Property, and so the only particularly relevant public interest factor leans in favor of transfer.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer Venue to the Middle District of Pennsylvania is granted.

BY THE COURT:

/s/ Chad F. Kenney
**CHAD F. KENNEY, JUDGE**